Robert M. Leonard
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, NJ  07932
973-360-1100 (General)
973-360-9831 (Fax)
Attorneys for Plaintiffs
Ansell Protective Products Inc.
and Ansell Limited

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANSELL PROTECTIVE PRODUCTS INC. AND ANSELL LIMITED,** | : : : | DOCUMENT ELECTRONICALLY FILED |
| Plaintiffs, | : : : | **CIVIL ACTION NO.** |
| v. | : : : | |
| **IRONCLAD PERFORMANCE WEAR CORPORATION,** | : : : : : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |

Ansell Protective Products Inc. and Ansell Limited (collectively "Ansell," unless otherwise specified) bring this action against Ironclad Performance Wear Corporation ("Defendant" or "Ironclad") for injunctive relief and damages under the Lanham Act, 15 U.S.C § 1051 *et seq.* and the common law and in support thereof say:

**THE PARTIES**

1. Ansell Protective Products Inc. ("APP") is a corporation organized and existing under the laws of Delaware and its principal place of business is in Red Bank, New Jersey.  APP is a leading provider of industrial and occupational protective products, with a particular expertise in glove manufacturing and technology.

2. Ansell Limited ("Ansell") is an Australian, publicly-listed corporation with its principal place of business in Australia.

3. Defendant Ironclad Performance Wear Corporation ("Ironclad") is a corporation organized and existing under the laws of Nevada and its principal place of business is located at 2201 Park Place, Suite 101, El Segundo, California 90245. Ironclad is a designer and manufacturer of branded performance work wear for a variety of construction, do-it-yourself, industrial, sporting goods and general services markets.

## JURISDICTION AND VENUE

4. This action arises under Sections 32 and 43(a) of the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and under the laws of the State of New Jersey, for trademark infringement, unfair competition, false designation of origin and unjust enrichment. Plaintiffs seek injunctive relief and monetary damages.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Lanham Act and a substantial part of the events or omissions giving rise to these claims occurred in this District.

7. This Court has personal jurisdiction over Ironclad because it is present in this District and engages in substantial business within this District.

## FACTS GIVING RISE TO THIS ACTION

### Ansell's Well-Known Trademarks

8. APP is a subsidiary of Ansell Limited (ABN 89 004 085 330), Level 3, 678 Victoria Street, Richmond, Victoria 3121, Australia. Ansell Limited is the owner of the HYFLEX® trademark in issue and has licensed its use to APP.

9. Ansell is a leading provider of industrial and occupational protective products, with a particular expertise in glove manufacturing and technology.

10. Ansell is the world's largest manufacturer of protective gloves and clothing, providing leadership in the areas of development, design, manufacturing and marketing.

11. For more than 100 years, Ansell has led the personal protective equipment industry. Through its comprehensive safety solutions and product innovations, Ansell has helped manufacturers across a wide range of industries reduce worker injuries and boost productivity.

12. Since 1997, Ansell has used marks that include the word "HYFLEX" for gloves. The HYFLEX® line of gloves offers many benefits and features, including, without limitation, dexterity, grip, and cut resistance for workers when handling sharp-edged materials and tools.

13. On January 18, 2000, the United States Patent and Trademark Office ("PTO") issued on the Principal Register federal Registration No. 2,309,590 for the trademark HYFLEX® for "protective industrial work gloves" (the "HYFLEX® mark"). A true and correct copy of this registration is attached hereto at Exhibit A. The HYFLEX® registration is valid, subsisting, unrevoked and uncancelled. The mark has been in continuous use since its first date of use. Further, Registration No. 2,309,590 is incontestable pursuant to 15 U.S.C. § 1065.

14. APP has marketed and sold gloves through the United States, including the State of New Jersey, under the HYFLEX® mark.

15. APP's customers and consumers recognize the HYFLEX® mark as a symbol of the high quality of APP's products.

16. APP has spent several million dollars in advertising and promoting HYFLEX® gloves over time.

17. As a result of APP's aforementioned sales and promotion, and the high quality of its products, the HYFLEX® mark has become well-known throughout the United States, including the State of New Jersey, and the HYFLEX® mark has come to identify a significant part of APP's business, since long before the acts of Ironclad complained of herein, and Ansell now owns valuable goodwill symbolized by and embodied in its HYFLEX® mark.

## Ironclad's Unlawful Acts and Willful Infringement

18. At all relevant times, Ironclad had actual knowledge of Ansell's ownership of the HYFLEX® mark, including the goodwill associated therewith.

19. Ironclad manufactures work gloves and protective sleeves and distributes them to the same classes of purchasers as Ansell.

20. At all relevant times, Ironclad had knowledge that use of Ansell's HYFLEX® mark in connection with the sale of Ironclad's gloves would be likely to cause confusion as to the source or origin of said gloves.

21. As sold at stores in the District of New Jersey as recently as February 9, 2009, Ironclad's Cold Condition gloves are packaged with a tag that includes the HYFLEX® mark. A true and correct copy of the packaging tag is attached hereto at Exhibit B.

22. Defendant Ironclad's use of Ansell's HYFLEX® mark on and in connection with its products is, upon information and belief, a continuing effort to deceive and confuse glove

purchasers as to the source or origin of the goods and the level of quality associated with Ansell's goods.

23. Defendant Ironclad's knowledge of Ansell's rights in the HYFLEX® mark are evidenced not only by Ironclad's competition with the HYFLEX® gloves in the marketplace but also by Ironclad's own acknowledgment that the HYFLEX® mark is registered. The term HYFLEX® on the packaging tag for Ironclad's Cold Condition gloves incorporates the registration symbol ("®").

24. On January 6, 2009, Ansell sent Ironclad a cease and desist letter objecting to Ironclad's use of the HYFLEX® mark. Ansell asserted that such use infringed Ansell's rights in its HYFLEX® mark. A true and correct copy of Ansell's January 6, 2009 letter is attached hereto at Exhibit C.

25. In response to Ansell's cease and desist letter, Ironclad claimed that it was not aware of the sale of any Ironclad gloves bearing the HYFLEX® mark. To date, Ironclad has not ceased its infringing and deceptive activities.

26. Ironclad's infringing activities have caused and are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Further, Ironclad's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is some connection, authorization or association between Ironclad and Ansell.

27. Ironclad has been and is engaging in acts that constitute a blatant attempt to pass off Ironclad's gloves as Ansell's genuine HYFLEX® gloves to purchasers.

28. In addition, Ironclad has been and is engaging in the above-described unlawful activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of Ansell and deceiving consumers, the public and the trade.

29. Ironclad's infringing conduct has caused and is causing Ansell irreparable harm and injury and, if not preliminarily and permanently enjoined by this Court, will continue to damage Ansell and the consuming public.

## COUNT I
## FEDERAL STATUTORY
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

30. The allegations of paragraphs 1 through 30 are incorporated herein by reference as though fully set forth herein.

31. Ansell owns the federally registered HYFLEX® mark for gloves (Exhibit A hereto), and the registration is valid, subsisting, uncancelled, and unrevoked. Ansell's federal registration for the HYFLEX® mark is incontestable.

32. The HYFLEX® mark identifies gloves offered exclusively by Ansell.

33. Ironclad has intentionally used the HYFLEX® mark in connection with the sale of Ironclad's gloves in an effort to create consumer confusion.

34. Ironclad's unauthorized use of the HYFLEX® mark infringes Ansell's rights in HYFLEX® because such use is likely to cause confusion, mistake, and deception in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Ironclad's acts alleged herein have caused Ansell to lose control over its reputation and goodwill associated with Ansell's HYFLEX® mark.

36. Ansell has suffered damages and Ironclad has obtained profits and unjust enrichment as a result of Ironclad's infringement of Ansell's HYFLEX® mark.

37. Ironclad's acts infringe Ansell's HYFLEX® mark and have irreparably injured Ansell's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

38. The allegations of paragraphs 1 through 38 are incorporated herein by reference as though fully set forth herein.

39. Ironclad has been promoting, offering for sale and selling, and continues to promote, offer for sale and sell, gloves identified by the HYFLEX® mark.

40. Ironclad has engaged in and continues to engage in a pattern of conduct directed to confuse and mislead consumers.

41. In connection with the sale of its own gloves, Ironclad is using a packaging tag that includes Ansell's HYFLEX® mark.

42. Ironclad is attempting to pass-off its own gloves as Ansell's genuine HYFLEX® gloves.

43. Ansell has not consented to or authorized Ironclad's use of its federally registered HYFLEX® mark.

44. Persons, including consumers and potential consumers, familiar with Ansell's HYFLEX® mark and gloves, upon seeing Ironclad's infringing use of the HYFLEX® mark in connection with its gloves will be likely to believe, and would be justified in so believing, that Ironclad's gloves were sold by or under the sponsorship of, or in affiliation with, or with the approval of Ansell.

45. Ironclad's use of the HYFLEX® mark in connection with the sale of its own gloves represents to consumers, the public and trade that Ironclad's goods are sold by or under the sponsorship of, or in affiliation with, or with the approval of Ansell.

46. Ironclad's acts described herein are likely to cause confusion, mistake or deception among consumers, the public and trade.

47. Ironclad's use of the HYFLEX® mark in connection with its goods has been willful and deliberate, and represents an attempt to appropriate to Ironclad the valuable goodwill that Ansell has earned for its HYFLEX® mark.

48. Ironclad's unlawful acts further constitute a false description and representation and a false designation of the origin as to the gloves it sells.

49. Ansell has no control over the quality of the goods that are promoted and/or sold by Ironclad and therefore Ansell's valuable goodwill associated with its HYFLEX® mark is being irreparably damaged by Ironclad's unlawful acts.

50. Ironclad's infringing and unlawful actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Ironclad's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

52. Ansell has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

53. The allegations of paragraphs 1 through 53 are incorporated herein by reference as though fully set forth herein.

54. Ironclad, without Ansell's consent, has been selling in interstate commerce throughout the United States gloves that bear the HYFLEX® mark.

55. Ironclad's conduct described herein is likely to cause and has caused confusion, deception and mistake in the minds of the general public and trade with respect to the origin, source and affiliation of the gloves offered by Ironclad.

56. Ironclad's use of Ansell's HYFLEX® mark violates and infringes Ansell's common law trademark rights in and to the HYFLEX® mark and constitutes common law trademark infringement under New Jersey law.

57. Ironclad's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

58. Ansell has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

59. The allegations of paragraphs 1 through 59 are incorporated herein by reference as though fully set forth herein.

60. Ironclad's use of the HYFLEX® mark in connection with its promotion and sale of gloves suggests to the general public and trade that the goods are in some way affiliated with or authorized by Ansell.

61. Ironclad's use of the HYFLEX® mark is likely to cause confusion, mistake or deception among the general public and in the trade as to the origin and sponsorship of the gloves promoted and offered for sale by Ironclad.

62. Ansell has no control of the quality of the gloves sold by Ironclad.

63. Ironclad's use of the HYFLEX® mark in the manner described herein constitutes unfair competition under the common law of New Jersey.

64. Ironclad's conduct is causing immediate and irreparable harm to Ansell, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to irreparably harm Ansell and deceive the public.

65. Ansell has no adequate remedy at law.

## COUNT V
## UNJUST ENRICHMENT

66. The allegations of paragraphs 1 through 66 are incorporated herein by reference as though fully set forth herein.

67. This cause of action arises under the common law.

68. By the acts and activities complained of herein, Ironclad has been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Ansell respectfully requests the following relief:

1. A nationwide preliminary and permanent injunction enjoining Ironclad from using the HYFLEX® mark;

2. Damages in an amount sufficient to compensate Ansell for all damages suffered by Ansell as a result of Ironclad's violations of Sections 32 and 43(a) of the Lanham Act, and state statutes and common law;

3. Damages in an amount sufficient to compensate Ansell for the profits it has lost or the profits that Ironclad improperly gained as a result of the wrongful, willful and infringing conduct of Ironclad;

4. A sum equal to three times the amount of damages or profits as a consequence of Ironclad's intentional and willful infringement;

5. Punitive damages in an amount sufficient to defer future willful and wanton conduct;

6. Ansell's attorneys' fees and the costs of this action, in part because this is an "exceptional case" given Ironclad's intentional and willful misconduct;

7. Prejudgment interest on Ansell's damages; and

8. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs Ansell Protective Products Inc. and Ansell Limited demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other pending court, arbitration or administrative proceeding, and that there are no other parties who ought to be joined in this action.

```
                                    DRINKER BIDDLE & REATH LLP
                                    Attorneys for Plaintiffs
                                    Ansell Protective Products Inc. and
                                    Ansell Limited

Dated: February 13, 2009      BY:   s/Robert M. Leonard_____
                                    Robert M. Leonard
```

FP01/ 6033800.2